**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| **NETVISION RESOURCES, INC.,**<br><br>Plaintiff,<br><br>v.<br><br>**RAMAKANTH PEECHARA,**<br><br>Defendant. | Case No. 1:19-cv-00189-CMH-TCB |

**PLAINTIFF NETVISION RESOURCES, INC.'S REPLY IN SUPPORT OF ITS
MOTION FOR ENTRY OF A PROTECTIVE ORDER**

Plaintiff NetVision Resources, Inc. ("NVR"), by counsel and pursuant to Fed. R. Civ. P. 26(c)(1) and Local Civil Rules 7 and 26, hereby responds to Defendant Ramakanth Peechara's ("Peechara") Opposition and submits this Reply in Support of its Motion for Entry of a Protective Order.

**INTRODUCTION**

Peechara's Opposition leads with an argument that somehow objections expressly permitted by Local Rule 26(c) have no effect, and it ends with a request to convert this federal case into a second trial of unrelated share ownership matters to be tried in early December in a state-court case where, unlike this case, the shareholders are parties. Peechara's position is not only procedurally improper and substantively meritless, but also a waste of this Court's and the parties' resources, as well as a recipe for potentially inconsistent rulings in two courts.

As with other written discovery objections, the practice in this Court would have been for *Peechara* to file a motion to compel after attempting to resolve NVR's timely objections in a meet-and-confer discussion, which he did not do. Discovery has closed. Although he never filed a

motion to compel (and instead elected to proceed with the deposition), Peechara now acts as if his Opposition is a motion in its own right, requesting affirmative relief that "(2) NVR be required to produce a corporate designee for a deposition . . . and (3) [that] Mr. Peechara be awarded the cost and attorneys' fees he has incurred opposing NVR's motion as well as the costs incurred conducting a second deposition of an NVR corporate designee." Opp'n at 16.

But putting aside the procedural impropriety of Peechara's requests, his Opposition demonstrates that he still has no answer to the question of why this Court should expand the scope of this litigation to encompass matters being litigated in the separate state-court proceeding, and more importantly, that have nothing to do with the underlying question of whether Peechara secretly stole money and other property of NVR. In fact, Defendant has no counter-argument for NVR's simple premise that even if he (or his wife who is not a party in this case) had been entitled to some payment from NVR for whatever reason, surreptitiously stealing the money by diverting corporate funds is not a lawful way to do so. Excusing Peechara's misconduct would essentially permit a safe deposit box owner to break into a bank in the middle of the night to retrieve the contents of the safe deposit box merely by claiming that he (or someone he knows) owns the contents. Such a result would be absurd, and it forms no basis for Peechara to distract this Court from the simple issues in this case.

## ARGUMENT

### I. NVR's Actions Were Procedurally Proper.

As NVR noted in its Memorandum (ECF No. 52 at 8 n.2), Peechara had a duty to file a motion to compel if he sought to challenge NVR's objections to his Rule 30(b)(6) notice. Although Peechara failed to cite them, this Court's Local Rules—in a full paragraph entitled "**Objections to Discovery Process**"—explicitly allow for objections to "any interrogatory, request, or application under Fed. R. Civ. P. 26 through 37," including a Rule 30(b)(6) request. *See* L.R. 26(c) (emphasis

in original). Indeed, the Court has previously held, in the particular context of a Rule 30(b)(6) deposition notice, that "Local Civil Rule 26(c) permits the noticed party to serve its objections to any requests contained in the notice of deposition fifteen (15) days after service of the notice." *Gray v. HSBC Bank USA, N.A.*, No. 4:15-cv-12, 2015 WL 5970444, at *2 (E.D. Va. Oct. 9, 2015). If objections were of no effect, as Peechara argues, then there would be no reason for this Court's Rules to allow them. Regardless as to what the rules are in other district courts, the Rules in this Court permit objections to Rule 30(b)(6) deposition notices. L.R. 26(c); *see also Gray*, 2015 WL 5970444, at *2. And the practice in this Court is for the requesting party, after attempting in good faith to resolve the objections, to file a motion to compel if it had a good faith basis for doing so.

Putting aside for the moment Peechara's failure to observe this Court's Local Rules, NVR's actions were procedurally proper even under the West Virginia case upon which Peechara primarily relies, *Robinson v. Quicken Loans, Inc.*, No. 3:12-cv-981, 2013 WL 1776100, at *3 (S.D. W. Va. Apr. 25, 2013), because NVR moved for entry of a protective order prior to the date of the deposition.[1] On page 3 of his Opposition, Peechara includes a lengthy block quote from this non-binding case. But the very next sentence **which Peechara omitted**, states the following: "***Unless a motion for protective order is pending***, '[a] failure described in Rule 37(d)(1)(A) is not excused on the ground that the discovery sought was objectionable.'" *Id.* (emphasis added). Here, there is no dispute that NVR's Motion for Entry of a Protective Order was pending at the time of the deposition, and, therefore, even according to Peechara's cited authority from West Virginia, NVR acted properly.[2]

---

[1] While not required to do so, NVR filed a Motion for Entry of a Protective Order out of an abundance of caution to ensure that its rights are preserved.

[2] The Local Rules of Procedure of the U.S. District Court for the Southern District of West Virginia do not—and did not at the time—contain the same language as this Court's Local Rule

*(Footnote continued)*

Not one of Peechara's authorities stands in the procedural posture of this case, where a party: (1) served objections to a deposition notice; (2) filed a motion for entry of a protective order; and (3) appeared at the deposition. Instead, each of Peechara's cited cases came to the court on a motion by the party who was seeking to compel discovery (which Peechara failed to do). *See, e.g.*, *EEOC v. Mfrs. & Traders Trust Co.*, No. ELH-16-3180, 2018 WL 1169082, at *2, *4 (D. Md. Mar. 5, 2018); *Beach Mart, Inc. v. L & L Wings, Inc.*, 302 F.R.D. 396, 407, 416 (E.D.N.C. 2014); *Robinson*, 2013 WL 1776100, at *2; *Humanscale Corp. v. CompX Int'l Inc.*, No. 3:09-cv-86, 2009 WL 5091648, at *1 (E.D. Va. Dec. 24, 2009); *New Eng. Carpenters Health Benefits Fund v. First DataBank, Inc.*, 242 F.R.D. 164, 166 (D. Mass. 2007).

NVR's course of action here was plainly proper. Moreover, by attending the noticed deposition on October 15, 2019 (while maintaining its position on the objectionable topics), NVR's designee responded to all questions related to the non-ownership claims involved in this case. *See* ECF No. 24 at 3 (denying Peechara's motion to stay this case in favor of the state-court litigation). In other words, NVR acted in good faith by not withholding the NVR witness altogether.[3] In the

---

26(C) contemplating objections to the Rule 30(b)(6) deposition notice, so Peechara's citation to *Robinson* is of limited value in any event.

[3] For these and other reasons, Peechara's request for sanctions should never have been made and should be denied. Ignoring for the moment that Peechara seeks sanctions without filing a motion, Peechara has no basis for seeking sanctions because, among other things: (1) Peechara failed to file a motion to compel once he received timely objections; (2) if he had timely sought relief from the Court, he could have waited to proceed with the deposition until the issues were decided; (3) he did not cite to law of this jurisdiction, including Local Rule 26(c), in taking his positions; (4) he knows that the topics at issue are matters for the state-court litigation because he served nearly identical topics on NVR in the state-court litigation; (5) he knows that he is not a shareholder and not all necessary parties are present in this case to resolve the share ownership issues; and (6) he knows that even if he believed he (or someone else) was entitled to some payment from NVR, he cannot simply divert corporate checks to a separate account and write checks to his own companies.

end, Peechara failed to file a motion to compel during the discovery period to challenge the objections.

## II. Even if Peechara Were Not Procedurally Barred, Peechara Offers No Reason to Expand This Case to Cover Topics Addressed in the State-Court Litigation.

There is no reason for this Court to expand this litigation to irrelevant topics that everyone agrees will be decided in the state-court litigation. Unlike this case, the NVR shareholders are parties in the state case. That case is scheduled for a trial in December 2019, and, at that trial, the Fairfax Circuit Court will decide the share ownership issues that Peechara (who is not an NVR shareholder) is trying to relitigate—and seek additional discovery for—here.

At bottom, Peechara cannot avoid a fatal problem with his theory. Peechara believes that, if his wife was a shareholder of the company, he could take the company's funds without going through any of the proper channels. As stated above, just because an individual has a safe deposit box at a bank does not mean that he may sneak into the bank under cover of darkness and take money from the bank, nor can he do so under the guise of recovering someone else's property. He must still follow proper protocol. So too with a company. Even a company's owner (which Peechara has never been) cannot treat the company "as his personal piggy bank." *See Brooks v. Becker*, 67 Va. Cir. 24, 2005 WL 832211, at *3 (Va. Cir. Ct. Jan. 31, 2005) ("Becker knowingly violated his duties as an officer, director and shareholder of Becker Interiors and treated the corporation's funds as his personal piggy bank.").

In other words, even if everything Peechara's wife claims in the state-court case is true, it does not in any way affect the question of whether Peechara stole the money at issue here.[4] As such, Peechara cannot justify the undue burden that allowing this duplicative discovery would

---

[4] Peechara's Opposition contains lengthy block quotes to Peechara's Counterclaim and deposition transcripts from the state-court action. While not related to the issues presented here, NVR disputes Peechara's characterization of the facts.

impose on NVR by appealing to a legally baseless defense. As this Court recognized in denying Peechara's initial motion to stay this case, *see* ECF No. 24 at 3 ("The Court finds that Defendant has not carried his burden and provided no compelling reasons why a stay should be granted."), the state and federal cases involve different claims and different parties, and particularly at the close of discovery in this case, they should stay that way.

All of Peechara's deposition topics challenged here relate to his irrelevant theory. Peechara does not argue otherwise and instead urges that "there is no prohibition on the same, or similar, discovery being taken in two different cases." ECF No. 55 at 12. While Peechara claims that there are management spreadsheets that refer to his theft of $500,000 from the company as reducing shareholder distribution accounts, any alleged distribution payments necessarily implicate the ownership dispute in the state-court litigation involving the shareholders, not in this federal case where *no shareholders* are parties. In fact, Peechara acknowledges that each of the topics at issue relates to whether certain payments were "so-called earn out payments" to NVR shareholders, but Peechara does not attempt to explain how, as a non-shareholder, he could steal NVR's money and other property. *Id.* at 13; *see also id.* at 12–16 (reiterating this argument for all the topics).

Because his defense theory is facially deficient, Peechara spends much of his Opposition focused on the broad definition of relevancy; however, while the definition is broad, it is not without teeth. *See Singletary v. Sterling Transp. Co.*, 289 F.R.D. 237, 241, 243 (E.D. Va. 2012) (noting that "Rule 26(b) limits the scope of discovery to those materials that are 'relevant to any party's claim or defense'" and ordering that defendant may pursue discovery only if it is "appropriately tailored to seek relevant evidence"); *see also Davidson v. Schneider*, No. 10-C-2101, 2013 WL 352669, at *2 (N.D. Ill. Jan. 22, 2013) ("Despite the broad scope of discovery under the federal rules, [plaintiff] has failed to demonstrate that the [documents] sought are

6

relevant to this action."). Tellingly though, Peechara spends **none** of the Opposition addressing NVR's argument that Peechara's discovery is "unreasonably burdensome and not proportionate to the needs of the case," especially in light of the fact that these issues are subject to discovery in the state-court litigation and the state-court litigation will resolve the ownership dispute. ECF No. 52 at 11. Accordingly, Peechara has waived any challenge to NVR's argument. *See Forghab v. Ashcroft*, 119 F. App'x 529, 529 (4th Cir. 2005) (per curiam) ("We note Forghab failed to address this issue in the argument section of her brief, and as a result has waived any challenge to the argument.").

In short, Peechara has offered no reason to justify launching into a share ownership issue that will be addressed in the state-court case involving the actual shareholders. Peechara previously argued that this Court should stay out of this dispute and allow proceedings to unfold in the state-court litigation because "[d]oing so will preserve precious judicial resources, prevent the parties from needlessly incurring hundreds of thousands of dollars in excess legal fees, and prevent pointlessly redundant litigation from proceeding on separate judicial tracks." Peechara's Mem. in Support of Mot. to Stay or Dismiss (ECF No. 8-1) at 1. Peechara asserted to this Court that "the primary issue at stake in the Fairfax County Action" involved his ***wife's*** claim that she is the majority owner of NVR. *Id.* at 8. Again, this Court denied Peechara's motion because it recognized that the state-court litigation and this litigation are separate. *See* ECF No. 24 at 2–3. Allowing Peechara now to collapse the two lawsuits by seeking the same discovery in both actions would serve only to violate the spirit of this Court's Order denying the stay.

## CONCLUSION

Therefore, for the foregoing reasons, and as explained in NVR's Memorandum in Support of its Motion for Entry of a Protective Order, NVR requests that the Court grant NVR's Motion for Entry of a Protective Order, prohibit Peechara from deposing NVR's corporate designee on

topic numbers 15–24 and 27–30 in the Rule 30(b)(6) notice dated September 13, 2019,[5] and grant such relief as this Court deems proper.

                                            NETVISION RESOURCES, INC.
                                            By counsel

                                            s/ Attison L. Barnes, III
                                            Attison L. Barnes III (VSB No. 30458)
                                            Stephen J. Obermeier (VSB No. 89849)
                                            Krystal B. Swendsboe (VSB No. 89614)
                                            WILEY REIN LLP
                                            1776 K Street NW
                                            Washington, DC 20006
                                            Tel. 202.719.7000
                                            Fax 202.719.7049
                                            abarnes@wileyrein.com
                                            sobermeier@wileyrein.com
                                            kswendsboe@wileyrein.com

                                            *Counsel for Plaintiff NetVision Resources, Inc.*

---

[5] For some reason, Peechara attached a renumbered set of these topics when setting a new date for the deposition in a notice dated October 4, 2019 (Exhibit D to NVR's Motion for Entry of a Protective Order). Of the topics at issue in this motion, topic number 19 was deleted in the October 4 notice.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 21, 2019, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a Notice of Electronic Filing to the following:

Thomas F. Murphy (VSB No. 44386)
Lindsay A. Thompson (VSB No. 83175)
FRIEDLANDER MISLER
5335 Wisconsin Avenue, NW, Suite 600
Washington, DC 20015
(202) 872-0800 telephone
(202) 857-8343 facsimile
tmurphy@dclawfirm.com

M. Celeste Bruce (*pro hac vice*)
Christopher J. Olsen (*pro hac vice*)
7979 Old Georgetown Road, Suite 400
Bethesda, Maryland 20814
(301) 951-0150 telephone
(301) 951-0172 facsimile
cbruce@rwlls.com
colsen@rwlls.com

*Counsel for Defendant Ramakanth Peechara*

s/ Attison L. Barnes, III
Attison L. Barnes III (VSB No. 30458)
Stephen J. Obermeier (VSB No. 89849)
Krystal B. Swendsboe (VSB No. 89614)
WILEY REIN LLP
1776 K Street NW
Washington, DC 20006
Tel. 202.719.7000
Fax 202.719.7049
abarnes@wileyrein.com
sobermeier@wileyrein.com
kswendsboe@wileyrein.com

*Counsel for Defendant NetVision Resources, Inc.*